Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
LAURIE RUBIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LAURIE RUBIN, | Case No.: 5:22-cv-04137 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)** |
| v. | |
| FIRECLAY TILE, INC., | **Demand for Jury Trial** |
| Defendant. | |

Plaintiff LAURIE RUBIN by and through her undersigned counsel, brings this Complaint against Defendant FIRECLAY TILE, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff LAURIE RUBIN ("Rubin") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Rubin's original copyrighted Work of authorship.

2. Rubin discovered photography at an early age after being gifted a Kodak Brownie 620 from her aunt and uncle. Her passion for art and photography grew with her and she won the

cover of her high school arts journal, enrolled in R.I.T., and accepted a summer fellowship at Penland in North Carolina. Rubin began freelancing in New York for magazine jobs, spot illustrations and collages for Condé Nast. Rubin has exhibited at Zolla/Lieberman Gallery, Catherine Edelman Gallery, Judy Saslow Gallery and the Libreria Galleria il Museo del Louvre in Rome. Her clients include Kellogg's, Quaker, Albert Culver, Ace Hardware, Lowes, General Mills, Target, Nieman Marcus, Home Depot, Kraft Foods, Ralston Purina, and Kodak. Rubin also holds workshops for Kodak, APA, Santa Fe Photo Workshop and Polaroid.

3. Defendant FIRECLAY TILE, INC. ("Fireclay") is a company based in Aromas, California, that makes and sells handmade ceramic tiles, including recycled tile, handmade glass, glazed brick and painted tile. Founded in 1986 by Paul Burns, Fireclay uses sustainable manufacturing practices and recycled materials in its 32,000 square foot factory and employees 250 people. At all times relevant herein, Fireclay owned and operated the internet website located at the URL https://www.fireclaytile.com/ (the "Website").

4. Rubin alleges that Fireclay copied Rubin's copyrighted Work from the internet in order to advertise, market and promote its business activities. Fireclay committed the violations alleged in connection with Fireclay's business for purposes of advertising and promoting sales to the public in the course and scope of the Fireclay's business.

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

9. Fireclay Tile, Inc. is a California Corporation, with its principal place of business at 421 Quarry Road, Aromas, CA 95004, and can be served by serving its Registered Agent, Mr. Eric Edelson, at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2007, Rubin created the photograph entitled 070130_acedining_1620-088crop, which is shown below and referred to herein as the "Work".



11. Rubin registered the Work with the Register of Copyrights on April 6, 2007 and was assigned the registration number VAu 750-348. The Certificate of Registration is attached hereto as Exhibit 1.

12. At all relevant times Rubin was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

13. Fireclay has never been licensed to use the Work at issue in this action for any purpose.

14. On a date after the Work at issue in this action was created, but prior to the filing of this action, Fireclay copied the Work.

15. On or about January 12, 2022, Rubin discovered the unauthorized use of her Work on the Website in a blog entry depicting that the tile colors teal and orange are a dynamic duo.

16. Fireclay copied Rubin's copyrighted Work without Rubin's permission.

17. After Fireclay copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its handmade custom tile business.

18. Fireclay copied and distributed Rubin's copyrighted Work in connection with Fireclay's business for purposes of advertising and promoting Fireclay's business, and in the course and scope of advertising and selling products and services.

19. Rubin's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. Fireclay committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Rubin never gave Fireclay permission or authority to copy, distribute or display the Work at issue in this case.

22. Rubin notified Fireclay of the allegations set forth herein on February 2, 2022. To date, the parties have failed to resolve this matter.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

23. Rubin incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Rubin owns a valid copyright in the Work at issue in this case.

25. Rubin registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Fireclay copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Rubin's authorization in violation of 17 U.S.C. § 501.

27. Fireclay performed the acts alleged in the course and scope of its business activities.

28. Fireclay's acts were willful.

29. Rubin has been damaged.

30. The harm caused to Rubin has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Fireclay Tile, Inc that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff her actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded such other and further relief as the Court deems just and proper; and

e. Plaintiff be awarded pre- and post-judgment interest.

### JURY DEMAND

Plaintiff Laurie Rubin hereby demands a trial by jury of all issues so triable.

DATED: July 14, 2022                     Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
*Attorneys for Plaintiff Laurie Rubin*